IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02421–REB–KMT

DORETTA TOOTLE,

    Plaintiff,

v.

WYATT-EDISON CHARTER SCHOOL,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendant's "Motion to Dismiss Or, in the Alternative, for Summary Judgment and Memorandum in Support" (Doc. No. 30 [Mot.], filed September 1, 2011). Plaintiff did not file a response. This motion is ripe for recommendation.

## *I.  STATEMENT OF THE CASE*

Plaintiff has sued Defendant Wyatt Edison Charter School alleging race and color discrimination under Title VII of the Civil Rights Act of 1964. (Doc. No. 3.) Plaintiff was employed by Defendant as a paraprofessional. (*Id.* at 4.) In June 2009, Plaintiff alleges she was notified by the principal of the school that her contract for the next school year would not be renewed because Plaintiff is not Spanish-speaking, and the school needed a bilingual paraprofessional. (*Id.* at 3.) Plaintiff alleges she was terminated because of her African American race. (*Id.* at 5.) Plaintiff seeks "relief of any and all remedies under the court's

jurisdiction" for "Wyatt Edison Charter School['s] treatment of its African-American employees." (*Id.* at 6.)

Defendants seek dismissal of Plaintiff's claims for Plaintiff's failure to exhaust her administrative remedies on her claims for discrimination based solely on race and color. (Mot. at 10–11.) In the alternative, Defendants seek summary judgment on the basis that Plaintiff's alleged direct and indirect evidence do not support a race or color discrimination claim. (*Id.* at 11–15.)

## II.     LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] her pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### III.    ANALYSIS

Defendant argues that the Court lacks jurisdiction over Plaintiff's discrimination claims because she has not exhausted administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The courts have established that a plaintiff must exhaust her administrative remedies prior to instituting a Title VII action in federal court. *See, e.g., Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996); *Khader v. Aspin*, 1 F.3d 968, 970–71 (10th Cir. 1993). Failure to exhaust administrative remedies deprives a federal court of jurisdiction over a discrimination claim. *Runyon*, 91 F.3d at 1399. Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC with the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and of promoting conciliatory efforts. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81 (1989). Exhausting administrative remedies requires that the plaintiff timely present her claims to the EEOC and receive a right-to-sue letter based on those claims. *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Although a plaintiff's failure to mark the box for a particular type of employment discrimination is not dispositive, it creates a presumption that the plaintiff is not asserting claims

corresponding to the unchecked boxes. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998). This presumption may be rebutted by reference to the explanation or narrative of the plaintiff's claim. *Id.*

In Plaintiff's charge of discrimination filed with the EEOC, she asserted discrimination based only on national origin. (Mot., Ex. 15.) Plaintiff stated she believed she had been discriminated against based on her non-Hispanic origin. (*Id.*) Her letter addressed to the EEOC in response to Wyatt Edison Charter's School's statement to the EEOC also details only national origin claims. (*See* Doc. No. 3 at 8–9.)

In contrast to her charge of discrimination before the EEOC, Plaintiff's federal Complaint asserts only race and color discrimination. (Doc. No. 3 at 2.) Plaintiff alleges she was terminated because of her African American race, and she seeks "relief of any and all remedies under the court's jurisdiction" for "Wyatt Edison Charter School['s] treatment of its African-American employees." (*Id.* at 5–6.) Plaintiff's sole allegation of race discrimination in her Complaint is unrelated to her EEOC charge, which asserted that she was discriminated against due to her non-Hispanic national origin.

Moreover, it is undisputed that Plaintiff did not check the boxes on her original EEOC charge for race or color discrimination. There is, therefore, a presumption that Plaintiff was not asserting claims for these types of discrimination at that time. The narrative portion of Plaintiff's original EEOC charge and her statement in support of her charge fail to rebut this presumption. Notably, Plaintiff specifically states that she believes she was discriminated against "in order to

hire a Hispanic paraprofessional." (Doc. No. 3 at 10.) Neither Plaintiff's EEOC charge nor her later statement to the EEOC state claims related to race or color discrimination.

Therefore, Plaintiff has failed to exhaust her administrative remedies for discriminatory acts involving race or color discrimination.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's "Motion to Dismiss Or, in the Alternative, for Summary Judgment and Memorandum in Support" (Doc. No. 30 ) be GRANTED, and that Plaintiff's claims for race and color discrimination be DISMISSED for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge